-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EUGENE-DEMONE TAYLOR,

        Plaintiff,

        -v-

THOMAS KLEIN, MATHEW HILL,
NORMA MARCHETTI SMITH, D. WRIGHT,
SONAL M. RANA, MARK MONGHAN,
ANDER ALLEN VITALE, and
THOMAS WINWARD,

        Defendants.

DECISION AND ORDER
07-CV-0186Sr

---

## INTRODUCTION

Plaintiff, Eugene-Demone Taylor, an inmate of the Cayuga Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Thomas Klein, Mathew Hill, Norma Marchetti Smith, D. Wright, Sonal M. Rana, Mark Monghan, Ander Allen Vitale, and Thomas Winward, violated his rights when he was maliciously prosecuted and illegally convicted of grand larceny. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed without prejudice.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must

accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed because they are premature.

**Heck Bar**

The Supreme Court has made clear that there is no cause of action under 48 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The essence of plaintiff's claims is that he was illegally arrested, his house was illegally searched, and he was prosecuted and convicted in violation of the Fourth Amendment. Although plaintiff seeks damages for his claims, in fact the underlying basis of his claims is that he was falsely arrested, maliciously prosecuted and is therefore improperly being detained. The Supreme Court has held that, absent invalidation of the criminal conviction, such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

2

> actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, Id, at 484 (1994).

It may be that plaintiff is filing this claim prophylactically, within the statute of limitations for a § 1983 action, in response to Wallace V. Kato, ____ U.S. ____, 127 S.Ct. 1091 (2007) and understands that his case must be dismissed without prejudice as premature until he succeeds in the challenge of his conviction. Plaintiff's complaint is dismissed without prejudice to his refiling once he successfully invalidates his conviction.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed without prejudice.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed without prejudice.

SO ORDERED.

Dated: June 4, 2007
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

3